## Phœnix Steam Laundry v. Rich Lumber Company.

### [53 South. 345.]

CONTRACTS.   *To furnish power.   Steam for any and all purposes.   Enlargement of plant.*

A contract to furnish "all" the steam for "any and all purposes" necessary to the successful operation of a laundry for five years requires sufficient steam during the term to operate the plant as enlarged after the contract was made.

FROM the chancery court of Forrest county.

HON. THADDEUS A. WOOD, Chancellor.

The steam laundry, appellant, was complainant in the court below; the lumber company, appellee, was defendant there. From a decree in defendant's favor the complainant appealed to the supreme court.

The contract between the parties, for the breach of which the suit was brought was as follows:

"This agreement and contract, made this the 14th day of December, A. D. 1900, by and between the Rich Lumber Company, party of the first part, and the Phœnix Steam Laundry, party of the second part, witnesseth: That the said party of the first part hereby agrees to furnish the said party of the second part all the steam necessary to run its engine and dryhouse, and for any and all other purposes necessary to the successful operation of the laundry plant of the party of the second part, for the period of five years, from the 7th day of January, 1900, to the 7th day of January, 1905, and the party of the first part further agrees to furnish and install the pipe necessary to convey the steam to the said engine and dryhouse and make all connections with said engine and dryhouse at their expense.   In consideration of the above, the said party of the second part agrees to pay to the party of the first part the sum of twenty-five dollars ($25) per month.   It is expressly under-

stood and agreed that this contract shall not be in force during the time that the said laundry plant of the party of the second part shall not be operation on account of fire or any other unavoidable causes."

In view of the opinion of the court no further statement of the facts of the case is deemed necessary.

*Sullivan & Tally,* for appellant.

*N. C. & C. E. Hill,* for appellee.

Whitfield, C.

The finding of the learned chancellor below, that the plaintiff had breached the contract, was a clear misconception. The evidence plainly shows a breach of the contract by the defendant. To the contention on the part of the defendant that it was not within the contemplation of the parties, at the time the contract was made, that steam should be furnished for the period of five years for all purposes necessary to the operation of the steam laundry, however the plant might be enlarged, the perfect answer is that no such restriction is contained in the contract, and it was the easiest thing imaginable to put such restriction in the contract, if that had been the intention of the parties. The contract on this point is as follows: The parties agree that the appellee should furnish the appellant *"all* the steam necessary to run its engine and dryhouse, and for *any and all purposes* necessary to the successful operation of this laundry plant for the period of five years." It is idle, in the face of this term of this contract, to contend that what it stipulates for was not within the contemplation of the parties.

Per Curiam. For the reasons above indicated, the above opinion is adopted as the opinion of the court, and the decree is reversed, and the cause remanded, as an accounting is necessary.